RUTAN & TUCKER, LLP
Philip D. Kohn (State Bar No. 90158)
  City Attorney, City of Laguna Beach
  pkohn@rutan.com
Ajit S. Thind (State Bar No. 268018)
  Deputy City Attorney
  athind@rutan.com
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:  (714) 641-5100
Facsimile:   (714) 546-9035

Attorneys for Defendants
CITY OF LAGUNA BEACH,
CITY COUNCIL OF THE CITY OF
LAGUNA BEACH, CITY OF LAGUNA
BEACH POLICE DEPARTMENT, JASON
FARRIS and JOHN PIETIG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| LEONARD J. PORTO III,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF LAGUNA BEACH, CITY COUNCIL OF LAGUNA BEACH, CITY OF LAGUNA BEACH POLICE DEPARTMENT, JASON FARRIS, JOHN PIETIG, and DOES 1 through 10,<br><br>          Defendants. | Case No. SACV 12-00501 DOC (MLGx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS ACTION [F.R.C.P. RULE 12(b)(6)]; AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing:<br>Date:         June 4, 2012<br>Time:         8:30 a.m.<br>Courtroom:  9-D<br><br>U.S. District Judge David O. Carter |

Rutan & Tucker, LLP
attorneys at law

130/053733-0539
3278056.1 a05/01/12

DEFENDANTS' MOTION TO DISMISS ACTION

TO PLAINTIFF LEONARD J. PORTO III, IN PRO SE:

      Defendants City of Laguna Beach (the "City"), the City Council of the City of Laguna Beach (the "City Council"), the City of Laguna Beach Police Department (the "Police Department"), Jason Farris ("Corporal Farris) and John Pietig ("City Manager Pietig"), sometimes referred to collectively as "the City Defendants," will and do hereby move the Court for an order dismissing this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      This motion is made under Rule 12(b)(6) on the ground that Plaintiff Leonard J. Porto III fails to state any claims in his Complaint for Damages, Injunctive and Declaratory Relief upon which relief can be granted inasmuch as his federal claims for relief are not supported by sufficient allegations of fact and/or are simply without merit as a matter of law. More particularly:

1. Plaintiff cannot allege claims or seek relief on behalf of others.
2. Plaintiff cannot state a claim for an alleged violation of the so-called *Sipprelle* settlement agreement.
3. The Police Department is not a separate public entity and, therefore, cannot be sued in its own name.
4. The City Council is not a separate public entity and, therefore, cannot be sued in its own name. Furthermore, the City Council, which acts in a legislative capacity, is immune from liability.
5. The Complaint contains only conclusory allegations and does not set forth specific factual allegation that are sufficient to support a claim against any of the City Defendants. Also, Plaintiff has not alleged a cognizable deprivation of civil rights under the U.S. Constitution.

      This motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file on this action, matters of which this Court is or may be requested to take judicial notice, and such other oral or documentary matters as may be presented to the Court at or before the hearing on

the motion.

<u>Central District Local Rule 7-3 Compliance</u>. (See concurrently filed Declaration of Philip D. Kohn for further detail.) The City Defendants' counsel timely contacted Mr. Porto to make arrangements for the required meet-and-confer session required for this motion pursuant to Local Rule 7-3. A mutually satisfactory date, time and place were selected. The City Defendants' counsel informed Plaintiff that the purpose of the meeting was to discuss the anticipated motion and the potential elimination or narrowing of issues. On the eve of the scheduled meeting, Plaintiff sent an e-mail to the City Defendants' counsel and, characterizing the meet-and-confer requirement as a "hot air session that you get paid for," stated that he was cancelling the meeting and would not be available to reschedule it. Plaintiff's refusal and failure to comply with the Court's Local Rules "may be a ground for dismissal." (Local Rule 83-2.10.4.)

Dated: May 1, 2012

RUTAN & TUCKER, LLP

By: _____
PHILIP D. KOHN
Attorneys for Defendants
CITY OF LAGUNA BEACH, CITY COUNCIL OF THE CITY OF LAGUNA BEACH, CITY OF LAGUNA BEACH POLICE DEPARTMENT, JASON FARRIS and JOHN PIETIG

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | BACKGROUND | i |
| II. | STANDARD OF REVIEW | 4 |
| III. | PLAINTIFF CANNOT ALLEGE CLAIMS OR SEEK RELIEF ON BEHALF OF OTHERS | 6 |
| IV. | PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF THE SIPPRELLE SETTLEMENT AGREEMENT | 6 |
| V. | THE POLICE DEPARTMENT AND THE CITY COUNCIL ARE NOT SEPARATE ENTITIES | 7 |
| VI. | PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF HIS CONSTITUTIONAL OR FEDERAL STATUTORY RIGHTS | 8 |
| VII. | CONCLUSION | 11 |

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
  __ U.S. __, 129 S.Ct. 1937 (2009) ............................................................................ 5

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ..................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 5, 6

*Bogan v. Scott-Harris*,
  523 U.S. 44 (1998) .................................................................................................... 8

*Bussey v. Phillips*,
  419 F.Supp.2d 569 (S.D.N.Y. 2006) ......................................................................... 9

*Clark v. Community for Creative Non-Violence*,
  468 U.S. 288 (1984) .................................................................................................. 8

*Conley v. Gibson*,
  355 U.S. 41 (1957) .................................................................................................... 6

*Erickson v. Pardus*,
  551 U.S. 89 (2007) .................................................................................................... 5

*Estelle v. Gamble*,
  429 U.S. 97 (1976) .................................................................................................... 5

*Hervey v. Estes*,
  65 F.3d 784 (9th Cir. 1995) ...................................................................................... 7

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) .................................................................................. 5

*Ivey v. Bd. of Regents of Univ. of Alaska*,
  673 F.2d 266 (9th Cir. 1982) .................................................................................... 5

*Joyce v. City and County of San Francisco*,
  846 F.Supp. 843 (N.D. Cal. 1994) ................................................................... 8, 9, 10

/ / /

| | Page(s) |
|---|---|
| **FEDERAL CASES (CONT.)** | |
| *Lake County Estates, Inc. v. Tahoe Regional Planning Agency,*<br>440 U.S. 391 (1979) | 8 |
| *Lehr v. City of Sacramento,*<br>624 F.Supp.2d 1218 (E.D. Cal. 2009) | 9 |
| *McHenry v. Renne,*<br>84 F.3d 1172 (9th Cir. 1996) | 11 |
| *Neitzke v. Williams,*<br>490 U.S. 319 (1989) | 5 |
| *Noll v. Carlson,*<br>809 F.2d 1446 (9th Cir. 1987) | 5 |
| *Roberts v. United States Jaycees,*<br>468 U.S. 609 (1984) | 9 |
| *Roulette v. City of Seattle,*<br>97 F.3d 300 (9th Cir. 1996) | 8 |
| *Rynn v. Jaffe,*<br>457 F.Supp.2d 22 (D.D.C. 2006) | 9 |
| *Simon v. Hartford Life, Inc.,*<br>546 F.3d 661 (9th Cir. 2008) | 6 |
| *Strandberg v. City of Helena,*<br>791 F.2d 744 (9th Cir. 1986) | 8 |
| *United States v. Kama,*<br>394 F.3d 1236 (9th Cir. 2005) | 7 |
| *Wayte v. United States,*<br>470 U.S. 598 (1985) | 10 |

///
///
///

Rutan & Tucker, LLP
attorneys at law

130/053733-0539
3278056.1 a05/01/12

-iii-

DEFENDANTS' MOTION TO DISMISS ACTION

**Page(s)**

**STATE CASES**

*In re Eichorn*,
  69 Cal.App.4th 382 (1998) .................................................................................3

*Tobe v. City of Santa Ana*,
  9 Cal.4th 1069 (1995) .............................................................................. 8, 9, 10

**OTHER AUTHORITIES**

*Porto v. City of Laguna Beach*,
  Case No. SACV 08-00547-DOC, *aff'd* Case No. 08-57028 (9th Cir. 2011),
  cert. den. __, U.S. __, 132 S.Ct. 521 (2011) .......................................................4

*Porto v. City of Newport Beach*,
  Case No. SACV 11-0180-DOC ..........................................................................3

*Sipprelle v. City of Laguna Beach*,
  Case No. SACV 08-01447-CJC ................................................................ 4, 6, 7

**FEDERAL STATUTES**

28 USC
  section 1654 .........................................................................................................6

**STATE STATUTES**

California Penal Code
  section 647(e) ......................................................................................................7

**RULES**

Federal Rule of Civil Procedure
  rule 12(b)(6) ................................................................................................. 4, 11

Local Rules
  rule 83-2.10.2 ......................................................................................................6

**CONSTITUTIONAL PROVISIONS**

U.S. Constitution ........................................................................................................3
  Eighth Amendment ........................................................................................ 4, 9
  Ninth Amendment ...............................................................................................8
  Fourteenth Amendment ............................................................................... 4, 10

## I. BACKGROUND

Plaintiff's Complaint attempts to allege a deprivation of his civil rights – the caption referencing the First, Eighth and Fourteenth Amendments to the U.S. Constitution. He also claims that the City somehow is acting in violation of a settlement agreement executed in 2009 in connection with another action to which Plaintiff was not even a party.

The backdrop of this case relates to the operation of a City-supported Alternative Sleeping Location ("ASL") and Plaintiff's alleged practice of sleeping in his car, evidently due to his refusal and failure to agree to abide by the ASL rules and regulations.

Plaintiff says he "travelled to the CITY in January of 2010 to make his domicile there." Complaint, ¶ 16.[1] While purporting to express concern about the law enforcement consequences of sleeping in his car, Plaintiff does not allege that he was ever cited, arrested or otherwise charged for a violation of state law or the City's Municipal Code. He merely says he is anxious and fearful he *might* be cited (e.g., *id.* at ¶ 34), although he also alleges that no law "prohibits Plaintiff's occupation of a parked vehicle" (*id.* at ¶ 90) and that he parks his car in such a manner as to avoid visibility (*id.* at ¶ 41).[2]

/ / /

---

[1] This apparently occurred after he was evicted from an illegal dwelling unit in Newport Beach in which he lived for about 6 years. The eviction became the subject of a federal civil rights action in this Court against the City of Newport Beach, its City Council and Police Department, certain City employees and the property owner, *Porto v. City of Newport Beach*, Case No. SACV 11-0180-DOC. Following receipt of a Report and Recommendation from the Magistrate Judge on a motion to dismiss, the Court dismissed the action with prejudice. Plaintiff has appealed.

[2] "Plaintiff sleeps in his vehicle in the CITY due to basic necessity and economic hardship, lacking any other nearby option." *Id.* at ¶ 16. Plaintiff does not explain why it is necessary for him to do so in Laguna Beach instead of his prior city of residence or elsewhere. In any event, if ever prosecuted for a sleeping-related offense, Plaintiff presumably could avail himself of the opportunity to assert a defense of necessity – subject, of course, to proof. See *In re Eichorn*, 69 Cal.App.4th 382 (1998).

Characterizing his action as one to vindicate his constitutional right "to be left alone in peace" (Complaint, ¶ 58),[3] Plaintiff alleges seven claims for relief:

1. An unspecified "constitutional tort" against all of the City Defendants.
2. Violation of the so-called *Sipprelle* settlement agreement against all of the City Defendants.
3. Violation of the First and Fourteenth Amendments against all of the City Defendants as to rights to association, travel, meet basic needs and be let alone.
4. Violation of the Eighth Amendment against all of the City Defendants as to the right to be free from cruel and unusual punishment.
5. Violation of the Fourteenth Amendment against all of the City Defendants as to the right to equal protection.
6. Violation of the Fourteenth Amendment against all of the City Defendants as to the right to due process.
7. A failure to train police officers and ASL staff against all of the City Defendants.

As demonstrated by these moving papers, each of the above claims for relief is factually and legally deficient.

## II. STANDARD OF REVIEW

The Court is authorized by Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint for "failure to state a claim upon which relief may be granted."

---

[3] Plaintiff's imaginative understanding of constitutional rights is not new. In addition to his assertion of a constitutional right not to be evicted from an illegal dwelling unit in Newport Beach (see fn. 1), he previously unsuccessfully sued the City and City officials on a claim that he has a constitutional right to scuba dive unfettered by local regulation (*Porto v. City of Laguna Beach*, Case No. SACV 08-00547-DOC, aff'd Case No. 08-57028 (9th Cir. 2011), *cert. den.* __, U.S. __, 132 S.Ct. 521 (2011)). In the Newport Beach action, the Magistrate Judge observed that "each of Plaintiff's claims are factually and legally deficient. None come close to alleging a facially plausible claim that any of the Defendants violated any Constitutional right while acting under color of law or violated any federal statutory right. The action is frivolous, malicious, and vindictive and should not be unnecessarily prolonged." Case No. SACV 11-0180-DOC, Docket No. 30 at p. 24.

As recently stated by the U.S. Supreme Court, a complaint must do more than simply allege that the defendant violated the plaintiff's rights in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1947-1950 (2009). The complaint must set forth non-conclusory factual allegations sufficient to state a claim for relief that is plausible on its face. See also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This rule applies with particular force when multiple claims are being alleged against multiple defendants, and when the defendants are entitled to assert qualified immunity as a defense. In such cases, the complaint must plead sufficient factual matter to show that the defendants adopted and implemented the policies at issue in the case not for a neutral, legitimate reason, but for the purpose of discriminating on account of race, religion or some other invidious reason.

While *pro se* pleadings admittedly are held to a lesser standard (*Erickson v. Pardus*, 551 U.S. 89, 93 (2007)), the liberal construction doctrine "applies only to a plaintiff's factual allegations (*Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989)) and the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations (see *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003)). Although Plaintiff may be held to a less strict standard for pleading, his Complaint does not enjoy immunity from dismissal for a failure to state a claim as a matter of law.[4]

Dismissal may be appropriate where a complaint contains a sufficient description of the underlying facts, yet the complaint simply does not state a cognizable basis for a civil rights claim as a matter of law. E.g., *Estelle v. Gamble*, 429 U.S. 97, 106-108 (1976); see *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 688 (9th Cir. 1990) [complaint may be dismissed when it lacks a "cognizable legal

---

[4] Courts do not serve as advocates or act as legal advisors for *pro se* litigants. *Noll v. Carlson*, 809 F.2d 1446, 1448-1449 (9th Cir. 1987); see *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) [court cannot supply essential elements that are not pled].

theory" or sufficient facts to support a cognizable legal theory]. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that Plaintiff can prove "no set of facts" in support of his claim that would entitle him to relief. *Bell Atlantic Corp., supra*, 127 S.Ct. at 1868 [abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)].

### III. PLAINTIFF CANNOT ALLEGE CLAIMS OR SEEK RELIEF ON BEHALF OF OTHERS

Plaintiff alleges injuries and damages caused by the City Defendants on other person and requests remedies for their benefit. See, e.g., Complaint, ¶¶ 12-13, 17-18, 23-27, 29-33, 37, 47, 60, 64, 82, 85-95, 97, 99, 112, 122 and Prayer, ¶¶ 1, 2, 4. However, Plaintiff is a *pro se* party. Plaintiff clearly has the right to plead and conduct his own case personally. 28 USC § 1654. But he has no right or authority to appear on behalf of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664, 665 (9th Cir. 2008) ["the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities"]; see Central District Local Rule 83-2.10.2 [individuals may not delegate their rights to someone who is not an attorney].

Accordingly, all claims for relief asserted and all remedies requested by Plaintiff on behalf of others must be dismissed.

### IV. PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF THE SIPPRELLE SETTLEMENT AGREEMENT

In December of 2008, the City was sued in this Court by several individuals who had been cited for violations of a Municipal Code provision that prohibited sleeping in public places.[5] The plaintiffs alleged that enforcement of the regulation violated the Eighth Amendment's ban on cruel and unusual punishment. In June of 2009, the parties executed a settlement agreement, pursuant to which the action was

---

[5] *Sipprelle v. City of Laguna Beach*, Case No. SACV 08-01447-CJC. The ordinance in question was repealed in March of 2009, and new regulations dealing with camping on public property was adopted later that same year.

dismissed with prejudice. *Sipprelle*, Case No. SACV 08-01447-CJC, Docket No. 11-2. A portion of the settlement agreement called for the City to furnish the plaintiffs' counsel with thirty days' advance written notice of the City's resumption of enforcement of California Penal Code section 647(e) [unauthorized lodging in public places]. See Complaint, ¶ 21. Plaintiff's Second Claim for Relief asserts that the City resumed enforcement of the State law in 2011 without providing the notice described in the settlement agreement. *Id.*, ¶¶ 22, 24-27, 85-95.[6]

Plaintiff does not allege that he was one of the plaintiffs in the *Sipprelle* action; to be sure, he was not a party to the case. As demonstrated above, Plaintiff cannot assert allegations or pursue claims on behalf of any person other than himself. In this regard, Plaintiff alleges that he was conferred any rights under the settlement agreement to enforce its terms. Nor does Plaintiff allege that he was ever cited, arrested or charged for a violation of Penal Code section 647(e).

In short, there is no basis on which Plaintiff can maintain an action alleging a violation of the *Sipprelle* settlement agreement, and any claim purporting to do so must be dismissed.

## V. THE POLICE DEPARTMENT AND THE CITY COUNCIL ARE NOT SEPARATE ENTITIES

Plaintiff named the City Council and the Police Department as separate Defendants for each of his claims for relief. However, neither is a separate entity and, therefore, both should be dismissed. In addition, the City Council is immune from claims.

The Police Department is simply a department within the City. The department may neither sue nor be sued in its own name. *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir.

---

[6] The City Defendants dispute the accuracy of Plaintiff's allegations, but acknowledge that the Court must accept them as true for purposes of the motion at hand. It is notable, nevertheless, that even the plaintiffs' counsel in *Sipprelle* have not advanced Plaintiff's contention.

1995).

The City Council is the City's elected governing body, but it too is not a separate public entity and cannot be separately liable for damages. Furthermore, there is no allegation in the complaint that the City Council, as a body, took any action that resulted in an alleged deprivation of Plaintiff's rights. In addition, even assuming the allegations against the City Council are based on the mere existence of the Municipal Code provisions identified by Plaintiff, the City Council is immune from liability. The adoption of provisions of the Municipal Code constitutes quintessential legislative action for which the City Council and its members enjoy absolute immunity. *Lake County Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 402-405 (1979); *Bogan v. Scott-Harris*, 523 U.S. 44, 48-54 (1998).

## VI. PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF HIS CONSTITUTIONAL OR FEDERAL STATUTORY RIGHTS

Plaintiff's impermissibly vague First Claim for Relief alleges some unspecified "constitutional tort." The premise underlying the entirety of Plaintiff's allegations is his claim of a constitutional right to sleep in public and, as a corollary, the inability of the City to adopt regulations or policies that prohibit camping in public places. This allegation is flawed. The U.S. Supreme Court and the California Supreme Court have plainly rejected Plaintiff's position. *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 292 (1984); *Tobe v. City of Santa Ana*, 9 Cal.4th 1069 (1995); see *Joyce v. City and County of San Francisco*, 846 F.Supp. 843 (N.D. Cal. 1994); see also *Roulette v. City of Seattle*, 97 F.3d 300 (9th Cir. 1996).

The First Claim for Relief also refers to the Ninth Amendment (Complaint, ¶ 84), which provides for the protection of "unenumerated" rights retained by the people. However, the Ninth Amendment is not an independent source of specific substantive constitutional rights and does not supply a constitutional guarantee for the basis of a federal civil rights claim. *Strandberg v. City of Helena*, 791 F.2d 744,

748-749 (9th Cir. 1986); see *Rynn v. Jaffe*, 457 F.Supp.2d 22, 26 (D.D.C. 2006); *Bussey v. Phillips*, 419 F.Supp.2d 569, 586 (S.D.N.Y. 2006).

Plaintiff's somewhat-more-detailed claims similarly lack merit. His Third Claim for Relief presents an amalgam of allegations styled as "right to association, travel, meet basic needs and be let alone." However, none of the asserted facts associated with these contentions rises to the level of protected constitutional rights. As to the right to association, Plaintiff fails to allege any impairment of the freedom of intimate associate or freedom of expressive association. *Roberts v. United States Jaycees*, 468 U.S. 609, 617-618 (1984). As to the right to travel, no City regulation or policy infringes on Plaintiff's freedom to travel. The courts have rejected such challenges to laws generally prohibiting camping or sleeping on public property. *Joyce, supra*, 846 F.Supp. at 860-861; *Tobe, supra*, 9 Cal.4th at 1096-1104. Finally, for the reasons discussed in this section, there is no basis for the remaining portions of the claim – right to meet basic needs and to be let alone. At bottom, there simply is no constitutionally protected fundamental right to governmental assistance to secure housing or shelter. On the other hand, principles of due process and equal protection may apply, and these are discussed below.

Plaintiff's Fourth Claim for Relief alleges he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment. To the extent this claim is predicated on an asserted absolute entitlement to use the ASL unencumbered by the rules and regulations applicable to everyone else, Plaintiff does not possess any such constitutionally protected right, as noted above. To the extent the claim is based on Plaintiff's alleged homeless status and the City's enforcement of laws related to camping or sleeping on public property, no constitutional violation has been stated. *Lehr v. City of Sacramento*, 624 F.Supp.2d 1218, 1226-1234 (E.D. Cal. 2009); see *Joyce, supra*, 846 F.Supp. at 853-858.

Plaintiff's Fifth and Sixth Claims for Relief assert violations of equal protection and due process, respectively, under the Fourteenth Amendment. As to

1  equal protection, Plaintiff has not alleged selective or unequal enforcement of the
2  law "at least in part because of, not merely in spite of, its adverse effects upon any
3  identifiable group." *Wayte v. United States*, 470 U.S. 598, 610 (1985). Identifiable
4  groups are individuals classified according to "race, religion, or other arbitrary
5  classification, including the exercise of protected statutory and constitutional
6  rights." *Id.* at 608. The Complaint is devoid of an identification of a cognizable
7  protected class of persons. See *Joyce, supra*, 846 F.Supp. at 858-860; *Tobe, supra*,
8  9 Cal.4th at 1104-1106 [offense based on conduct, not status]. As to due process,
9  Plaintiff's claim suffers from the simple truism that as a matter of law, he has not
10 been deprived of any constitutionally protected right. See *id.* at 861-863. Plaintiff
11 does not enjoy an absolute entitlement to use the facilities of the ASL as he deems
12 appropriate. Furthermore, it is hardly overbroad, arbitrary or unreasonable for the
13 ASL to insist that all guests conform to a code of conduct and agree to release the
14 ASL from any liability claims in exchange for the privilege of utilizing its facilities.
15 It is a similarly rational position for the ASL, when the demand for the facilities
16 overwhelms the supply available, to provide a preference to those persons having a
17 demonstrated connection with the local community.
18       Finally, Plaintiff's Seventh Claim for Relief complains about a lack of
19 training of the City's police officers and the ASL staff. At the onset, the members
20 of the ASL staff are not City employees, and the City is not subject to any obligation
21 with regard to training of such persons. Moreover, Plaintiff's failure- to-train
22 contention is not grounded on any underlying injury of a constitutional nature.
23 Inasmuch as the other claims that serve as a predicate for this contention have been
24 shown to be without merit, Plaintiff's Seventh Claim for Relief must necessarily be
25 dismissed.
26 / / /
27 / / /
28 / / /

## VII. CONCLUSION

In a somewhat different but nonetheless related context, the Ninth Circuit upheld the dismissal of a federal civil rights action, stating: "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996). Here, too, the "narrative ramblings" and "storytelling or political griping" (*id.* at 1176) and the redundant, argumentative and irrelevant matters (*id.* at 1177) injected in Plaintiff's Complaint unfairly burden the Court as well as the City Defendants in order to discern what, if any, claims are being asserted against who.

Moreover, to the extent that the gravamen of the federal claims *personal to Plaintiff* are understood, those claims are not supported by sufficient allegations of fact and/or are simply without merit as a matter of law.

For all of the reasons demonstrated above, the City Defendants respectfully request that the Court order the Complaint dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: May 1, 2012

RUTAN & TUCKER, LLP

By: _____
PHILIP D. KOHN
Attorneys for Defendants
CITY OF LAGUNA BEACH, , CITY COUNCIL OF THE CITY OF LAGUNA BEACH, CITY OF LAGUNA BEACH POLICE DEPARTMENT, JASON FARRIS and JOHN PIETIG

## PROOF OF SERVICE BY PDF AND U.S. MAIL

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

On May 1, 2012, I served on the interested parties in said action the within:

**NOTICE OF MOTION AND MOTION OF DEFENDANTS TO DISMISS ACTION [F.R.C.P. RULE 12(b)(6)]; AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof in sealed envelope(s) addressed as stated below:

Leonard J. Porto III,        Plaintiff, Pro Se
P.O. Box 1061
Laguna Beach, CA  92652

Telephone:  (949) 735-1270
leonard@computernetsupport.com

In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business. If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Costa Mesa, California, that same date. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I also caused the above document to be transmitted by electronic mail in pdf form. The total number of pages sent (including the Proof of Service form) was 17.

Executed on May 1, 2012, at Costa Mesa, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

Dinah Ormsby                                   _(Signature)_
(Type or print name)

130/053733-0539
3306214.1 a05/01/12